UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAM LAATIRIS,<br><br>            Plaintiff,<br><br>       v.<br><br>BANQUE CENTRALE POPULAIRE,<br><br>and<br><br>MOHAMMED ALI IDRISSI,<br><br>            Defendants. | Civil Action No. 24-3240 (JDB) |

### MEMORANDUM OPINION & ORDER

Adam Laatiris sued his former employer and manager for various alleged wrongs that occurred during his employment. This Court dismissed his complaint for failure to state a claim and determined that amendment would be futile. Now, Laatiris moves for reconsideration. Mot. to Alter or Am. J. ("Mot.") [ECF No. 23] at 1. Laatiris argues that the Court should allow him to plead several new causes of action and take notice of previously unpled facts. His arguments are unavailing.

### BACKGROUND

A full history of Laatiris's claims can be found in this Court's August 19, 2025, Memorandum Opinion. Mem. Op. [ECF No. 21]. In that opinion, the Court dismissed Laatiris's claims because they were outside the scope of the statutes he raised and contained facts and theories of liability that, taken as true, failed to state a claim. In particular, Laatiris alleged discrimination and hostile work environment claims without pleading protected class status. Instead, he argued that his professional relationship with his manager deteriorated out of "jealousy

1

when the Plaintiff received praise from bank customers about the quality of his service." Compl. [ECF 1-1] at 20.  During the briefing of the motion to dismiss, Laatiris moved to amend his complaint, providing "context that clarifies the retaliatory nature of the termination," which reaffirmed his narrative that the alleged wrongs stemmed from professional jealousy.  1st Mot. to Am. Compl. [ECF No. 14] ¶ 2.  That motion was provisionally denied for failure to adhere to Local Civil Rules 7(i) and 15.1, which require such a motion to include the proposed amended complaint.  Considering the infirmities of Laatiris's case and his proposed bases for amendment, the Court later denied the motion to amend because amendment would be futile and dismissed the complaint.  See Mem. Op. at 9 n.6 (citing In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 215 (D.C. Cir. 2010) ("[A] district court has discretion to deny a motion to amend on ground of futility where the proposed pleadings would not survive a motion to dismiss." (citation modified)).  Laatiris requests reconsideration of that dismissal.

## LEGAL STANDARD

A court need not grant a motion to alter or amend a final judgment pursuant to Federal Rule of Civil Procedure 59(e) unless the court finds an "intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quotation omitted).  Such a motion may not, however, "raise arguments or present evidence that could have been raised prior to the entry of judgment."  GSS Grp. Ltd. v. Nat'l Port Auth., 680 F.3d 805, 812 (D.C. Cir. 2012) (quotation omitted); Leidos, Inc. v. Hellenic Republic, 881 F.3d 213, 217 (D.C. Cir. 2018) (quotation omitted).  These standards are "justified by the need to protect both the integrity of the adversarial process in which parties are expected to bring all arguments before the court, and the ability of the parties and others to rely on the finality of judgments."  Mahoney v. U.S. Capitol

2

Police Bd., Civ. A. No. 21-2314 (JEB), 2024 WL 4235429, at *2 (D.D.C. July 31, 2024) (quotation omitted). District courts have "substantial discretion in ruling on motions for reconsideration." Strumsky v. Wa. Post Co., 922 F. Supp. 2d 96, 100 (D.D.C. 2013) (citation modified).

Once a complaint is dismissed, "a court cannot permit an amendment unless the plaintiff first satisfies Rule 59(e)'s more stringent standard for setting aside that judgment." Ciralsky v. CIA, 355 F.3d 661, 673 (D.C. Cir. 2004) (citation modified). Laatiris is pro se, so the Court construes his motion liberally; his initial complaint, which was prepared by counsel, is not construed liberally.

## ANALYSIS

Laatiris argues that dismissal with prejudice was an abuse of discretion.[1] See Reply to Mot. for Reconsideration ("Reply") [ECF No. 27] at 1, 2. Accordingly, before considering his amended complaint, this Court must analyze whether dismissal with prejudice was proper at the time Banque Centrale Populaire's (BCP) motion to dismiss was decided.

Dismissal with prejudice is proper when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficienc[ies of the initial complaint]," Firestone, 76 F.3d at 1209 (quotation omitted), or when amendment would require "an alternative legal theory," Strumsky, 922 F. Supp. 2d at 106, that would replace the "central premise" of the initial complaint. Jung v. Ass'n of Am. Med. Colls., 184 F. App'x 9, 12 (D.C. Cir. 2006). Here, the Court appropriately denied leave to amend and dismissed with prejudice because "amendment would be futile." Mem. Op. at 9 n.2. Laatiris could not plead any set of facts that would create viable claims

---

[1] This Court construes Laatiris's motion liberally in framing this argument as a challenge to dismissal with prejudice. Laatiris's motion for reconsideration actually argues that the Court should consider new facts and claims to cure infirmities with his original pleadings. See Mot. at 1. Such a motion for reconsideration would certainly fail for reasons set forth below. See GSS Grp. Ltd., 680 F.3d at 812 (plaintiffs may not use a motion for reconsideration to "raise arguments or present evidence that could have been raised prior to the entry of judgment"). But because Laatiris is pro se, the Court will construe his motion to argue that dismissal with prejudice was improper in the first instance.

3

under the statutes that he was beyond the scope of, and any viable amendment to his other claims would require alternative legal theories or otherwise be inconsistent with his initial pleadings. As a result, the Court dismissed with prejudice.

Start with Laatiris's claims for retaliation, fraud, and breach of fiduciary duty. Compl. at 6 (Counts 2, 3, and 4). Laatiris identified the statutes he was pleading under with specificity. Id. (articulating claims "for violations of the following codes . . . D.C. Code § 32-1331.10 [(Workplace Fraud Act retaliation] . . . D.C. Code § 22-3221 [(criminal fraud)], [and] D.C. Code § 29-406 [(non-profit corporation director and officer obligations)]")). When a plaintiff "explicitly states" their "substantive counts," the Court must evaluate whether the facts pled could support those claims. See Dun v. Transam. Premier Life Ins., Civ. A. No. 19-40 (JEB), 2020 WL 4001472, at *3–4 (D.D.C. July 15, 2020), aff'd, 858 F. App'x 379 (D.C. Cir. 2021); see also Raymond v. U.S. Capitol Police Bd., 157 F. Supp. 2d 50, 56 (D.D.C. 2001) (explaining that plaintiffs may "plead too much" by stipulating grounds that make "success on the merits impossible"). Here, Laatiris's claims were dismissed because they were outside the scope of the statutes under which he pled claims. See Mem. Op. at 5–8; see Seth v. District of Columbia, 18-1034 (BAH), 2019 WL 2058670, *6 (D.D.C. May 8, 2019) (dismissing with prejudice when plaintiff pled claims under the Citizens with Intellectual Disabilities Civil Rights Restoration Act, which does not contain an individual cause of action). For example, Laatiris invoked the Workplace Fraud Act, which prohibits contractor misclassification, but also pled that he was not a contractor and that BCP regarded him as an employee. Id. at 5–6. No other facts could "possibly cure th[at] deficiency." Firestone, 76 F.3d at 1209; see Angel v. Fed. Home Loan Mortg. Corp., 815 F. App'x 566, 597–70 (D.C. Cir. 2020) (explaining that dismissal with prejudice is appropriate when claims fail as a

matter of law). Laatiris does not contest these determinations. Accordingly, the Court correctly held that amendment would be futile and dismissal with prejudice was proper.

Because dismissal with prejudice was proper and Laatiris does not cite new evidence or an intervening change of controlling law, Rule 59(e) does not otherwise permit reconsideration of his retaliation, fraud, and breach of fiduciary duty claims. In his motion for reconsideration, Laatiris nevertheless proffers three new causes of action: retaliation under the District of Columbia Human Rights Act (DCHRA), common law constructive discharge, and common law fraud. Mot. at 2. But his approach runs headlong into the D.C. Circuit's admonition that litigants may not use "Rule 59(e) [as] a vehicle to present a new legal theory that was available prior to judgment . . . ." Patton Boggs LLP v. Chevron Corp., 683 F.3d 397, 403 (D.C. Cir. 2012); see also Leidos, Inc., 881 F.3d at 217. The statutes that Laatiris now invokes were entirely absent from his initial complaint—which was prepared by counsel—and were available to him from the onset of this litigation. Reconsideration must therefore be denied.

Next, consider Laatiris's claims for discrimination and hostile work environment. Here too, dismissal with prejudice was appropriate. Laatiris failed to plead protected class status or allege that his status caused the alleged adverse employment actions, and advanced a theory that the adverse employment actions were instead caused by professional resentment. In his initial complaint, Laatiris attributed Idrissi's conduct to "envy or jealousy." Compl. at 10; see also id. at 11 (Idrissi "intended to ruin his hard-earned reputation[.]"), 20 (Idrissi was motivated by "jealousy when the Plaintiff received praise from bank customers about the quality of his service," and "[w]hen Defendant Idrissi realized he could not control the Plaintiff and that the Plaintiff refused [to do his bidding], he began a mission of creating a hostile workplace environment to force the Plaintiff to resign . . . ."). In his initial motion for leave to file an amended complaint, Laatiris

5

reiterated that "the retaliatory nature of the termination" stemmed from Idrissi's "jealous[y]," "hostil[ity]," and "insecurity" in response to the "internal praise" Laatiris received from management. 1st Mot. to Am. Compl. ¶ 2. Here too, Laatiris has "pleaded too much," Raymond, 157 F. Supp. 2d at 57—his filings reflect a nonactionable theory of liability that he faced adverse action based on professional animosity or jealousy, which this Court appropriately rejected.

Dismissal with prejudice was proper because no set of facts short of an "alternative legal theory" would cure this deficiency. Strumsky, 922 F. Supp. 2d at 106. A court may dismiss with prejudice when amendment would advance a different "theory of liability" that supplants the plaintiff's previous representations. See Jung, 184 F. App'x at 12 (affirming dismissal with prejudice when amendment would necessarily replace the "central premise of plaintiffs' complaint and its theory of liability," even when new allegations were not mutually exclusive with original); Wu v. Stomber, 292 F.R.D. 69, 79 (D.D.C. 2013) (denying reconsideration where plaintiff argued dismissal was erroneous for reasons inconsistent with plaintiff's theory of liability). Laatiris asserted the theory that defendants were liable for adverse actions that they took out of professional animosity. He also alleged that he was terminated by BCP for a nondiscriminatory reason—having falsified his resume during the hiring process.[2] See McCaskill v. Gallaudet Univ., 36 F. Supp. 3d 145, 154 (D.D.C. 2014) (dismissing retaliation claim where plaintiff proffered a non-discriminatory reason for the alleged retaliation); Seth, 2019 WL 2058670, *7 n.3 (dismissing discrimination claim with prejudice where employer had uncontested non-discriminatory reasons for terminating plaintiff). In sum, any amendment would replace the central premise of Laatiris's original complaint—the theory under which BCP was liable for discrimination and a hostile work

---

[2] Laatiris contends he falsified parts of his resume related to his experience because Idrissi suggested it would help him get the job. Compl. at 14–15. Regardless of the reason, resume falsification is a nondiscriminatory basis for adverse action.

environment—and be inconsistent with his asserted bases for adverse action. Accordingly, dismissal with prejudice was proper.

Additionally, when determining whether to dismiss with prejudice, courts often consider whether a plaintiff's filings prior to dismissal suggest that they could successfully amend their complaint. See Rollins v. Wackenhut Servs., 802 F. Supp. 2d 111, 125 n.10 (D.D.C. 2011) (dismissing with prejudice when request to amend in plaintiff's opposition brief did not suggest they could cure deficiencies), aff'd, 703 F.3d 122 (D.C. Cir. 2012); Stovell v. James, 849 F. Supp. 2d 43, 46 (D.D.C. 2012) (dismissing with prejudice when "amendments proposed by Plaintiff" prior to dismissal "would not cure" deficiencies identified in motion to dismiss). Here, as in Rollins, Laatiris suggested in his opposition brief that he should be granted leave to amend if his complaint was dismissed, Mem. Opp'n Mot. to Dismiss [ECF No. 11] at 7, but he provided no substantive ground for amendment and so did not "indicate[] that [he would] be able to plead sufficient facts to state a claim," 802 F. Supp. 2d at 125 n.10. Laatiris also filed a motion to amend after the parties briefed BCP's motion to dismiss, see 1st Mot. to Am. Compl., that was denied for failure to comply with Local Civil Rules 7(i) and 15.1. Min. Order (May 27, 2025). In that motion, far from suggesting a viable basis to cure the deficiencies in his complaint, Laatiris reiterated and emphasized the same "central premise" of his original complaint, Jung, 184 F. App'x at 112, that Idrissi targeted Laatiris out of envy of his "performance, which was recognized through internal praise and client satisfaction," 1st Mot. to Am. Compl. ¶ 2. The Court reconsidered Laatiris's initial motion to amend at the motion to dismiss stage and concluded that "any amendment would be futile" because an amendment based on such a theory "would not survive a motion to dismiss." Mem. Op. at 9 n.6 (internal quotation and citation omitted). Because amendment based on Laatiris's stated intentions would be futile, dismissal with prejudice was proper.

Since dismissal with prejudice was proper, to succeed on reconsideration Laatiris must show "an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." Firestone, 76 F.3d at 1208 (quotation omitted). But Rule 59(e) prohibits granting reconsideration when the relevant facts were known to the plaintiff prior to dismissal. See GSS Grp., 680 F.3d at 812 (plaintiffs may not "present evidence that could have been raised prior to the entry of judgment . . . .") (citation modified); Niedermier v. Off. of Baucus, 153 F. Supp. 2d 23, 29 (D.D.C. 2001) ("Courts routinely deny Rule 59(e) motions where all relevant facts were known by the party prior to the entry of judgment . . . ."). Here, the relevant facts were known by Laatiris from the onset of the litigation and not presented in his complaint or initial motion to amend. Laatiris argues that the Court should nevertheless revisit his case because his failure to articulate a national-origin discrimination theory in his original complaint is attributable to his prior counsel's strategic decision that such a theory would not succeed. Mot. at 2. But that is exactly the type of argument that "could have been raised prior to the entry of judgment" that cannot be considered during reconsideration.[3] GSS Grp., 680 F.3d at 812.

---

[3] Because dismissal with prejudice was proper and Laatiris fails to otherwise satisfy the Rule 59(e) criteria for reconsideration, this Court will not determine the merits of his proposed amended complaint. However, it is likely that the proposed amendment would still fail to state a claim on which relief could be granted. See Seth, 2019 WL 2058670, *10 (D.D.C. May 8, 2019) (denying reconsideration when proposed amended complaint would fail to state a claim). For one, Laatiris alleges that Idrissi made two demeaning comments about his ethnicity but does not tie the incidents to BCP's decision to terminate him. Am. Compl. ¶ 8; see McCaskill, 36 F. Supp. 3d at 153 (finding failure to allege connection between alleged discriminatory comment by one employee and ultimate adverse action fatal). This is especially important because Laatiris has previously acknowledged that BCP terminated him for making misrepresentations on his resume. Seth, 2019 WL 2058670, *7 n.3 ("[Plaintiff] must, even in his complaint, acknowledge the . . . legitimate, non-discriminatory reasons for the [employer's] actions" when those reasons are apparent). For another, aside from his ultimate termination, the remaining relevant allegations—a single sentence, Am. Compl. ¶ 10—are likely too vague and conclusory to constitute viable claims for discrimination and hostile work environment. Nor do these allegations likely constitute sufficiently "severe or pervasive" conduct to satisfy the demanding standard for hostile work environment claims. McCaskill, 36 F. Supp. 3d at 155–56. And aside from the otherwise unexplained assertion that he was "denied promotional opportunities," Am. Compl. ¶ 10, and improperly terminated, none of the relevant allegations likely constitute tangible adverse actions as required to state a discrimination claim, see Baloch v. Kempthorne, 550 F.3d 1191, 1199 (D.C. Cir. 2008) ("[S]poradic verbal altercations or disagreements do not qualify as adverse actions.").

In sum, Rule 59(e) does not permit litigants to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Leidos, Inc., 881 F.3d at 217 (quotation omitted).  Dismissal with prejudice was proper in the first instance because Laatiris is outside the scope of the statutes he brought claims under and he advanced a nonactionable theory of liability based on professional resentment.  Following a proper dismissal with prejudice, Laatiris cannot now move for reconsideration based on new legal theories and facts that were available to him from the inception of the litigation.

\* \* \*

Upon consideration of [23] Laatiris's motion to alter judgment and file an amended complaint, and the entire record herein, for the reasons set forth in the above memorandum opinion, it is hereby ORDERED that the motion is DENIED.

SO ORDERED.

/s/
JOHN D. BATES
United States District Judge

Dated: October 27, 2025

9